22-1225 Brown v. Chaffee County Board of County Commissioners 22-1225 Brown v. Chaffee It seems to me the more natural reading of the original kennel definition would permit her to breed the fox hunting dogs and that the subsequent revision should have allowed her to continue as a non-conforming use under the code. What's your response to that? Well, okay. So the original definition had elements that were separated by ors and one of the or elements was or are bred or raised for sale purposes. So when it came to light in early 2017 by a pack of letters that Dr. Brown herself submitted Could you speak up a little? that Dr. Brown herself submitted, letters that she submitted, that the purpose of a registered foxhound hunt or pack was the breeding of foxhounds that were suitable for the pursuit of prey. And a description of how that works, a book, a stud book, and the heritage of sires and dams. So it spoke to breeding as being a major purpose of a registered hunt. And in addition, other letters that indicated members or subscribing members who went out on the hunt. Right, I agree with that, but we're talking about a kennel operation. And it seems to me she did not have a kennel operation, setting aside whether it's an outfit or not. Well, the interpretation, this anchors to a body of law where deference is given to the interpretation of code by the land use authority. And when it came to attention that under as a master of foxhounds, the point, a major point of the activity involved the breeding of foxhounds that were suitable for the pursuit of prey. And you could breed without being a kennel, right? Well, under the definition, or are bred, or. So breeding was encompassed within the original definition. So it was... Breeding for sale. Well, actually, in the way it was originally defined, or are bred, or was a clause by itself. Well, rather than beat around the bush here, if you lose on the first issue on the representation and we have to reach the interpretation of kennel, is that a question of law for this court? Or is this a question of law for the Chaffey County State District Court? Your Honor, I believe that it would be a question of law for the state court. But... I know there's been state court litigation, but this issue of the change of kennel definition hasn't been subject to litigation in county court? It has. And what happened here is that after... Okay, in 2017, Dr. Brown appealed John Werda's administrative interpretation that she was required to apply for limited impact review on outfitting facilities in the operation of a kennel. When the amendment took place... So that appeal was pending. The amendment took place. Her attorney confessed and removed as an issue the issue of the appeal on the administrative interpretation of kennel because, he stated, the amendment rendered moot her appeal of the denial of her administrative interpretation. So that got removed from what was then pending before the district court. But the case fundamentally presents the zoning sign-off on the single family home as the representation to Dr. Brown that she would be permitted to operate outfitting facilities and kennels in order to operate Headwaters Hounds, her fox hunting club. So what was the issue in the state court case? The exact issue, just in a sentence? The first issue that ended up remaining before the district court was whether the Board of Adjustment had either exceeded its jurisdiction or abused its discretion in denying her appeal of John Werda's administrative interpretation that she needed to submit for limited impact review in order to operate outfitting facilities. And why is that not a res judicata effect on the case that you're arguing here? We submitted that it was that outfitting, it had been determined that she needed to have limited impact review for outfitting facilities. So the case has actually become quite complex from the conflation of different streams of law. But fundamentally, there was no representation to her that she would be authorized to operate outfitting facilities and kennels without going through limited impact review. Can I probe that? How do you square that on page 571 in paragraph 8 of her affidavit? Mr. Werda requested detailed information regarding my land use and how the structure I was requesting to build related to that land use, including my Foxhounds Horses and Foxhunting Club, Headwaters Hounds LLC. And the whole gist of that page and the succeeding page is that she was having these two conversations with Mr. Werda with the sole purpose of how can I, Dr. Brown, avoid the necessity of limited impact review? This is summary judgment. We have to view that evidence in the light most favorable to Dr. Brown and draw reasonable inferences in favor of her. So how can we not say that based on the tenor of the discussions that she identifies that Mr. Werda had assured her that if you make these adjustments to the house, you will not have to go through limited impact review? Your Honor, that would be contrary to law. The land use code does not allow that. The land use code and the International Residential Code, there are issues of use while a single-family home is a permitted use, and she revised her plans in order to comply. So in other words, it would be ultra-virus? Correct. Okay. Well, let's say it is ultra-virus. If it is an ambiguous regulation and Mr. Werda is charged with making a determination of whether this is an outfitting facility, whether the principal purpose is to run an outfitting facility or a kennel, and he is charged with administering that, which I think you alluded to earlier, why isn't it at least reasonable for the plaintiff to say that this is a representation by the person that is charged with administering the land use code, and I told him what my principal use was, and he told me, do these things, I won't need to do limited impact review. That seems to be a vested property right. Your Honor, I have eight seconds left. Go ahead and answer the question. All right, permission to answer. Thank you. So it is not correct to say that John Werda had the responsibility to administer the land use code in a broad sense of having knowledge of all of the things that a person might say or want to do or actually be doing on their property. Rather, his charge is to review the application that is submitted to him. And in this case, the application that was submitted to him was for the construction of a single family dwelling, which is permitted. The zoning sign-off by code is limited to only the structure. And, in fact, any permit that purports by the International Residential Code, which is also adopted by Chaffey County, any permit that would purport to exempt or negate other provisions of the code is nonexistent. It basically says you cannot do what Dr. Brown is trying to do, and that is use a single family home permit as a basis for exemption from the other uses that the land use code regulates. There is a fundamental difference between the construction of a house versus broader uses of property. And it is not part of the permit review process on a single family home to determine if an owner is doing or wishes to do something else. Rather, that owner must follow the provisions that apply to those uses. And that provision is not the authority of Dr. Rorida? Does that have to go to a different entity, that is, the planning commission itself or the county commissioners? Your Honor, that is correct. And in this case... If the application had been for an activity, Rorida would have had to say, I'm sorry, I can't respond to that. Right, you'd have to go through the full application process, which is multifaceted. Before a different forum than me. Correct. And in this case, Mr. Rorida specifically told Dr. Brown, basically, while your revised plans allow a single family home permit to issue, still, when you're describing the broader use of your property, that is something that requires limited impact review. Mr. Bowman urged us to conclude that her proposed use was not an outfitting facility. What's your response to that position? Why is it an outfitting facility? Well, it was already determined by the state district court that it was an outfitting facility. But it seems to me... Is that in the record? Yes. Okay. Yes, it is. What that is, is an attempt at semantics without a difference. I mean, she was engaged in a land use of outfitting facility because she was, as the district court stated in the permanent injunction, engaged in riding out with horses and hounds to conduct hunts. And she was using the facilities on the property, meaning the kennels, the stables, the trailers, engaged in outfitting. All right. Any other questions? I think your time has expired. I appreciate it. Mr. Bowman, you can have two minutes of rebuttal. Thank you. You can have two minutes of rebuttal if you'd like. And if you could just briefly comment on this mootness, the status of the other litigation and potential mootness. Your Honor, mootness is an issue here because even though eventually the limited impact review goes through and it is deemed an outfitting facility, there's numerous restrictions on that classification that they added for Dr. Brown's use, which still restrict her from fully enjoying the right and use of her property. Your Honor, I think what's key here is what the district court got right when it first ruled on the 12B6 motion, which is exactly what Judge Bacharach was asking about, is when the permit is issued immediately after resubmitting those plans, after there's a full investigation into what the use of that property is. You're permitting the housing, the building permit to build the house. Right. It was a structure permit, but it was for single-family dwelling. And what makes that structure a single-family dwelling is the use. A building is a building. Whether it's used as an outfitting facility or as a single-family dwelling depends on the use. And that's why Mr. Ward had to inquire into what that use was. But as Judge Arguello determined, based on that permit being issued and the prior communications leading up to that, no comments on the permit, no statement that it's still subject to limited impact review, a reasonable person could assume that Dr. Brown's fox hunting, unaccompanied by a guest house, were compliant with zoning regulations in Chaffey County. And because a reasonable person could determine that, that's exactly what a jury could determine. And that's exactly why summary judgment in this case was improper, because we have a representation regarding zoning, which the Court of Appeals found is a vested property interest in Eason. And as this court recited in Arapaho, a building permit issued that the landowner acts in substantial reliance on also creates a vested property interest. The result of this ultimately was Dr. Brown was left homeless for several months when the county refused to issue a certificate of occupancy. The 2017 representations are key, create separate vested property rights, and were never addressed by the summary judgment order. So there are multiple instances of violations of her due process rights here, and it's clear in the record, specifically on 12-12, when the county attorney solicits advice from other county attorneys on how to pass laws specifically to restrict Dr. Brown's operations. She was a target of violations of her due process, and the summary judgment record does not support summary judgment here. All right. Counsel, I appreciate your overall argument. Counsel are excused and the case shall be submitted.